RECEIVED

MAY 23 2014

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CASE NO.  14-MJ-399 (JJG)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DOANE EDGE,<br><br>Defendant. | **FILED UNDER SEAL**<br><br>PETITION OF THE UNITED STATES FOR AN ORDER SEALING COMPLAINT, ARREST WARRANT, AFFIDAVIT, RETURN, PETITION AND ORDER FOR SEALING |

COMES NOW the United States of America, by its undersigned attorneys and in support of its Petition for an Order Sealing Complaint, Arrest Warrant, Affidavit, Return, Petition and Order for Sealing.

1.     On May 23, 2013, this Court issued Complaints and Warrants authorizing the arrest of Anthony Doane Edge and Deborah Susan Edge.

2.     The Affidavit of Richard T. Holden, submitted in support of the Complaint and Arrest Warrant, sets forth facts regarding an ongoing investigation into the production of child pornography in violation of 18 U.S.C. § 2251(a).

3.     The Complaint and Arrest Warrant documents presented to this Court for *in camera* review include detailed and highly sensitive investigative information.  Disclosure of the information would jeopardize the safety and wellbeing of one or more individuals; and the privacy of minor victims.

4.     Title 18, United States Code, Section 3509(d)(2) requires that any papers that disclose the name or any other information concerning a child shall be filed under seal without

SCANNED

MAY 23 2014

U.S. DISTRICT COURT ST. PAUL

necessity of obtaining a court order.

5. The Complaints and Arrest Warrants contain identifying information of and circumstances relating to an individual or individuals who are victims in this case, and who could easily be identified by disclosure of the names of the defendants. Nondisclosure of the Complaints and Arrest Warrant documents at this stage is necessary to protect their identity and/or to minimize the substantial risk that revelation of details set forth in the Complaints and Arrest Warrant documents could cause to their reputations and well-being.

6. The Court's power to prevent disclosure of its files, especially for a limited period of time, is well established. This general power has been recognized by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

7. However, the execution of arrest in this case requires appropriate coordination with state and local authorities and other agencies of the United States, including the State of Minnesota, Mower County, and the City of Austin, Minnesota. Accordingly, the disclosure of these materials should balance the requirements for interagency coordination with the need to prevent flight or other jeopardy to the investigation.

8. The requested order would allow the United States to disseminate the Complaints, Affidavit of Richard T. Holden, and Arrest Warrants to relevant United States and state and local authorities in connection with efforts to prosecute Anthony Doane Edge and Deborah Susan Edge

or to secure the arrest of Anthony Doane Edge and Deborah Susan Edge, or as otherwise required for the purposes of the administration of justice in this case.

Based upon the foregoing and all the files and proceedings to date, the United States respectfully requests that this Court issue an Order Sealing the Complaints, Arrest Warrants, Affidavit of Richard T. Holden, Returns, this Petition, and the Sealing Order until the close of business on September 23, 2014, unless a compelling interest is shown by the United States for a continuation of the sealing.

Dated:   May 23, 2014

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

BY:   KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorney Id No. 671031MA